UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS and MADELYN PETERSON | CIVIL ACTION |
| VERSUS | NO. 05-4163 |
| WESTERN RECREATIONAL VEHICLE, INC. AND AGA DISTRIBUTION SPECIALISTS, INC. d/b/a ASE SUPPLY, INC. | SECTION C |

**ORDER**

Before this Court are three motions: (1) AGA Distribution Specialists, Inc. d/b/a ASE Supply, Inc.'s ("ASE Supply") Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 8); (2) Western Recreational Vehicles, Inc.'s ("WRV") Motion to Dismiss (for lack of personal jurisdiction) (Rec. Doc. 3); and (3) WRV's Motion to Dismiss and/or Stay Litigation on Grounds of Abstention (Rec. Doc. 4).

No oppositions have been filed in response to any of the motions. On December 8, 2005, the Court received a letter from Plaintiffs' counsel indicating that he did not oppose WRV's Motion to Stay the Federal Court proceeding, in light of pending parallel state litigation. All parties have averred that the state litigation is identical to the instant federal litigation, which was filed over one year before this federal lawsuit was filed.[1] On December 14, 2005, the Court received a letter from counsel for ASE Supply indicating that ASE Supply wanted the Court to

---

[1] See Rec. Doc. 4 at 2; Rec. Doc. 13 at 2; Rec. Doc. 8 at 2.

rule on its Motion to Dismiss for Lack of Personal Jurisdiction. If the Court denied the Motion, ASE Supply would not oppose the request for stay filed by WRV. Plaintiffs then filed a Motion to Continue (Rec. Doc. 13) requesting that the Court continue any further proceedings on WRV's Motion to Dismiss and/or Stay Litigation, without date, pending decisions in the Plaintiffs' state court proceedings. Plaintiffs also stated that they were unable to depose defendants to prepare their responses to all pending motions. The Motion did not request a continuance of the other two motions.

On March 30, 2006, this Court issued an order partially granting and partially denying Plaintiff's Motion to Continue. (Rec. Doc. 15.) The Court ordered Defendants to produce for deposition whichever persons were necessary for Plaintiffs to respond to the three outstanding motions. The Court also ordered any oppositions to any motions to be filed by April 18, 2006, and notified the parties that if any party failed to oppose any of the Motions by that date, the Court would consider the motions on the merits as unopposed. No oppositions to these motions have been filed to date. On May 9, 2006, the 32nd Judicial District Court denied Defendants Western Recreation Vehicles, and ASE Supply, Inc.'s Motions to Dismiss for lack of personal jurisdiction. A copy of this ruling was filed with this Court. (Rec. Doc. 17.) Because the Court has not received any oppositions to these motions, in spite of its efforts to obtain briefing from the various parties, the Court will decide the three Motions on the merits.

WRV argues in its Motion to Dismiss and/or Stay Litigation on Grounds of Abstention (Rec. Doc. 4) that this Court should either dismiss or stay the instant matter pending resolution of the parallel state court proceeding. When faced with this issue, a district court's decision to dismiss a matter is governed by *Colorado River Water Conservation District v. United States*,

424 U.S. 800, 813 (1976). *Colorado River* applies when a federal and state law suit are parallel, having the same parties and the same issues. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002); *RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) ("If the suits are not parallel, the federal court must exercise jurisdiction."). No parties dispute that the instant litigation is identical to the state litigation.[2] Additionally, no parties oppose a stay of the federal action pending the resolution of the state litigation.

Under *Colorado River*, a district court may abstain from a case only under "exceptional circumstances." *Colorado River*, 424 U.S. at 813 (describing abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it"). To decide whether exceptional circumstances exist, a court must look at six factors: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). A court must not apply these factors mechanically, but carefully balance them on a case-by-case basis, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

Neither the state nor federal court has assumed jurisdiction over any res, and thus, this factor supports the exercise of federal jurisdiction. *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006). The second factor also supports the exercise of jurisdiction,

---

[2] See Rec. Doc. 4 at 2; Rec. Doc. 13 at 2; Rec. Doc. 8 at 2.

because "[w]hen courts are in the same geographic location, the inconvenience factor weighs against abstention." *Id.*

As to the third factor, this Court finds that the interests of avoiding piecemeal litigation supports either a stay or dismissal of the federal proceedings. Although the "pendency of an action in state court does not bar a federal court from considering the same matter," *Colorado River* exists to prevent piecemeal litigation. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002) ; *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000). While no property is at issue in this dispute, the potential for piecemeal litigation exists because the state court litigation contains an additional party, the Plaintiffs' personal UM carrier, Allstate Insurance Company, which has filed a cross-claim and third party demand against WRV.[3] Thus, the state court is the sole forum hearing claims by and against Allstate Insurance Company. For the remaining issues, the application of res judicata could eliminate the problem of inconsistent judgments. *Kelly Inv., Inc.,* 315 F.3d at 498. In spite of this option, the third factor supports abstention.

The fourth factor, the order in which jurisdiction was obtained by the concurrent forums, also supports abstention. The Court must evaluate "how much progress has been made in the two actions." *Stewart*, 438 F.3d at 492 (internal citations omitted). According to WRV's Motion to Dismiss, the state forum obtained jurisdiction over this matter over one year prior to this Court.[4] The state court has already resolved WRV's and ASE Supply's Motion to Dismiss for Lack of

---

[3] Rec. Doc. 4 at 2.The Court relies on WRV's Motion for such information, as a copy of the state court complaint has not been filed in this matter.

[4] Rec. Doc. 4 at 5. The state action was filed on August 8, 2004, (Rec. Doc. 4 at 1), and the federal action was filed on September 14, 2005 (Rec. Doc. 1).

Personal Jurisdiction,[5] and has set a schedule for the matter. Aside from the Motions discussed in this Order and Reasons, there has been no motion practice before this Court. Moreover, Plaintiffs have failed to file oppositions to any of the Motions before this Court, in spite of the Court's numerous attempts to contact Plaintiffs' counsel and several grants of time extensions to Plaintiffs' counsel to prepare oppositions. Because of Plaintiffs' counsel's failure to submit briefing in this matter, the Court, unlike the state court, has not delved deeply into the substance of this case. Allowing two identical causes of action to proceed in parallel courts simultaneously is a waste of judicial resources, particularly when the proceedings have advanced significantly in one forum. Therefore, this factor supports abstention.

The fifth factor, the extent to which federal law provides the rules of decision on the merits, also supports abstention. This action is likely governed by Louisiana State law concerning negligence.[6] This Court has diversity jurisdiction over this matter, and federal law will not provide the rule of decision. (Rec. Doc. 1.) For the foregoing reasons, including the fact that the Plaintiff chose to file the suit first in the state forum, over one year before filing the federal suit, the Court also finds that the Plaintiffs' interests are adequately protected in the state proceedings.

While several factors support the exercise of jurisdiction, this Court finds that the balance

---

[5] The fact that the state court has already resolved the Defendants' Motions to Dismiss for Lack of Personal Jurisdiction illustrates the problems that would face this Court were it to exercise jurisdiction. If the Court retained jurisdiction, it would be faced with the issue of whether to grant preclusive effect to the state court's judgment on personal jurisdiction, or to rule inconsistently with the state court.

[6] The Court recognizes that WRV states that other state law may be applicable. (Rec. Doc. 4 at 6.)

of the factors favor abstention. As stated above, no parties oppose the grant of a stay in the matter pending resolution of the state proceedings. This Court, however, finds that it is more appropriate to dismiss this matter. The state forum is the best forum for resolution of this dispute, which includes claims and parties not currently before this Court. Any resolution of the matter in federal court would therefore be incomplete, at best. The proceedings in state court have also progressed significantly further than the proceedings before this Court. To exercise jurisdiction would constitute a waste of judicial resources, and risk the significant possibility of contradictory rulings and piecemeal litigation. In light of the Court's ruling on WRV's Motion to Dismiss on Grounds of Abstention, it need not reach the merits of ASE Supply's and WRV's Motion to Dismiss for Lack of Personal Jurisdiction.

IT IS ORDERED that AGA Distribution Specialists, Inc. d/b/a ASE Supply, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 8) and Western Recreational Vehicles, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 3) are DENIED as MOOT.

IT IS FURTHER ORDERED that Western Recreational Vehicles, Inc.'s Motion to Dismiss and/or Stay Litigation on Grounds of Abstention (Rec. Doc. 4.) is GRANTED and that this matter is DISMISSED.

New Orleans, Louisiana, this 25th day of May, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE